# EXHIBIT A

Arash N. Alizadeh, SBN 302290
**ALIZADEH EMPLOYEES LAW, PROF. CORP.**
7545 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone:    (949) 606-2845
Facsimile:    (949) 264-9345
Email:        aalizadeh@lawyerforemployees.com

Attorneys for Plaintiff
SAIFULLAH KHAN

**FILED BY FAX**
ALAMEDA COUNTY
October 18, 2019
CLERK OF
THE SUPERIOR COURT
By Cheryl Clark, Deputy
CASE NUMBER:
**RG19039632**

### SUPERIOR COURT OF THE STATE OF CALIFORNIA,

### COUNTY OF ALAMEDA

| | |
|---|---|
| SAIFULLAH KHAN,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES, INC.;<br>A100 US, LLC; and<br>DOES 1 through 20, inclusive,<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br>1. **Unfair Business Practices (Bus. & Prof. Code § 17200 et seq.)**<br>2. **Failure to Prevent Discrimination & Harassment (FEHA)**<br>3. **Discrimination (Disability/Age/Ethnicity) (FEHA)**<br>4. **Business Expense Reimbursement (LC 2802)**<br>5. **Wrongful Termination In Violation Of Public Policy**<br>6. **Harassment (Age/Disability/Ethnicity)**<br>7. **Retaliation (Age/Disability/Ethnicity)** |

COMPLAINT

Plaintiff SAIFULLAH KHAN, an individual, alleges for Plaintiff's Complaint against Defendants AMAZON WEB SERVICES, INC., a corporation, A100 US, LLC, a limited liability company, and DOES 1 through 20 inclusive, as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff SAIFULLAH KHAN ("Plaintiff" or "Employee") is and at all times relevant to this Complaint was an individual with place of residence in the County of Alameda, California.

2. Defendant A100 US, LLC ("A100 US") is a limited liability company organized under the laws of the State of Delaware. A100 US provides on-demand cloud computing platforms to individuals, companies, and governments, on a metered pay-as-you-go basis.

3. Defendant AMAZON WEB SERVICES, INC. ("AWS") is a limited liability company organized under the laws of the State of Delaware. A100 US provides on-demand cloud computing platforms to individuals, companies, and governments, on a metered pay-as-you-go basis.

4. Plaintiff is informed and believes that Defendants DOES 1 through 20 are individually and/or jointly liable to Plaintiff's for the wrongs alleged herein. The true names and capacities of Defendants DOES 1 through 20, whether individual, corporate, or otherwise, are unknown to Plaintiff at this time. Accordingly, Plaintiff sues Defendants DOES 1 through 20 by fictitious names and will amend this Complaint to show their true names and capacities after they are ascertained.

5. Plaintiff is informed and believes that each Defendant conspired with, aided and abetted, ratified the conduct of, knowingly acquiesced in, acted with the consent and permission of, and accepted the benefits of each other Defendant with respect to the matters alleged herein.

6. Plaintiff is informed and believes that, except as otherwise alleged herein, each Defendant is, and at all times relevant to this Complaint was, the agent, joint-employer, partner, joint venturer, alter ego, affiliate, and/or co-conspirator with or of each of the other Defendants, and/or otherwise acted on the behalf of each other Defendant.

7. The jurisdiction of this Court is proper for the relief sought herein, and the amount demanded by Plaintiff exceeds $25,000.

**FACTS COMMON TO MORE THAN ONE CAUSE OF ACTION**

8. In this action, Plaintiff seeks compensation for disability/age/ethnicity discrimination, harassment, retaliation and wrongful termination in violation of public policy. Plaintiff also seeks reimbursement for business expenses incurred but not reimbursed.

9. Plaintiff worked as a Manufacturing Quality Engineer at Defendant's facility in the County of Alameda, State of California from approximately September 9, 2013 until August 20, 2018 when Plaintiff was involuntarily terminated. Plaintiff is the main breadwinner in his family, providing for Plaintiff's spouse and children. During Plaintiff's time with Defendants, Plaintiff performed Plaintiff's job in a satisfactory manner.

10. On November 4, 2015, Plaintiff injured his back during a business trip to China. As a result, he was placed on permanent stationary disability in August 2016. Defendants harassed, discriminated, and retaliated against Plaintiff due to his ethnicity, language, disability, religion (Islam) and age (62 at time of termination). Although, Plaintiff is permanently stationary disabled, he was able to perform the essential functions of his job from home, which at his age and with his disability, is the only job he can get. Throughout his employment, Plaintiff was not given promotions where younger white and US born employees, who were less qualified, were promoted. There were comments made by his manager about Plaintiff's bald head as a reference to Plaintiff's age. On several occasions, Plaintiff's manager asked Plaintiff when he is going to leave the company, suggesting Plaintiff should retire due to his age. Plaintiff was harassed by being ignored and separated from others. As to Plaintiff's age, because Plaintiff would consistently call out his manager's errors and mistake due to the 33 years of experience that Plaintiff has over him, his manager became hostile toward him. This was partially connected to Plaintiff age as only years of experience can garner the type knowledge Plaintiff had obtained about his job. His manager was much younger (15+ years) than Plaintiff and did not like Plaintiff correcting his errors. His managers started making false accusation regarding Plaintiff's performance and found fault with Plaintiff's English, where Plaintiff's previous managers of 3 years never had issues with Plaintiff's performance and English. In fact, Plaintiff's performance was satisfactory until Plaintiff's manager became Plaintiff's boss in 2016. Plaintiff was eventually terminated even though Plaintiff met the performance goals set for Plaintiff. Plaintiff complained about these throughout Plaintiff's

1  employment, only to be retaliated against. Also, Defendants failed to accommodate Plaintiff's
2  disability or provide a reasonable accommodation by providing Plaintiff an ergonomic workplace.
3  Defendants did not engage in any interactive process to determine any reasonable accommodation.
4      11.   On or around August 20, 2018, Plaintiff was terminated, discriminated, and retaliated
5  against due to Plaintiff's disability, race, national, ancestry, and complaining about same. At the
6  same time, Defendants defamed Plaintiff and portrayed Plaintiff in a false light by falsely accusing
7  Plaintiff of workplace misconduct, and subsequently publishing these statements to persons that had
8  no reason or need to know, all due to malice and ill will of Defendants. These false and malicious
9  accusation were made in retaliation for Plaintiff complaining about age, disability, and national
10 origin harassment, discrimination, assault, and defamation.
11                    **WAGE AND HOUR RELATED FACTS**
12     12.   Plaintiff regularly incurred business-related expenses that were necessary and were
13 not reimbursed for it. These include, but are not limited to, internet use, automobile usage, and
14 interest thereon. Plaintiff also incurred other necessary business-related expenses that were not
15 reimbursed. Specifically, Plaintiff was never reimbursed for the interest on expenses incurred.
16     13.   Because Defendant failed to reimburse Plaintiff and other employees for reasonably
17 necessary business expenses, they failed to timely pay wages, and failed to provide accurate wage
18 statements, among other violations as a result. This is because the unreimbursed expenses and
19 uniform maintenance costs are considered "wages." (*In re Work Uniform Cases*, 133 Cal.App.4th
20 328 (2005) (holding that payment for uniform maintenance is compensation); *see also Sanchez v.*
21 *Aerogroup Retail Holdings, Inc.*, 12-CV-05445-LHK, Order On Motion to Dismiss at 12 (N.D. Cal.
22 May 8, 2013) (holding that Labor Code sections 1194, 1194.2, 1197, and 1197.1 permit an action
23 based on unreimbursed expenses because they are 'wages'). Plaintiff intends to add a class action.
24     14.   Within one year after Plaintiff's termination, Plaintiff obtained a Right To Sue letter
25 from the Department of Fair Employment and Housing for the violations alleged in this pleading.
26                        **FIRST CAUSE OF ACTION**
27           **VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200)**
28         **(Against defendants AMAZON WEB SERVICES, INC and A100 US, LLC)**

ALIZADEH
EMPLOYEES LAW,
PROF. CORP.
Irvine, California

4
COMPLAINT

15. Plaintiff hereby repeats, realleges, and incorporates by this reference each and every allegation from each and every paragraph before and after this paragraph, as though said paragraphs were set forth in full herein.

16. Defendants are "persons" as defined under Business and Professions Code section 17021. Each of the directors, officers, and/or agents of the Defendants are equally responsible for the acts of the others as set forth in Business and Professions Code Section 17095.

17. Defendants' violations of California law as discussed in this pleading, including Defendants' failures to pay Plaintiff all wages due at termination or resignation, and failure to provide accurate earnings statements constitutes unfair business practices in violation of Business & Professions Code Section 17200 et seq.

18. Defendants have failed to reimburse Plaintiff for all necessary expenditures or losses incurred by Plaintiff in direct consequence of the discharge of her duties in violation of Labor Code §§ 1198, 2802 and Wage Order ¶ 4.

19. Defendants' violations have resulted in Defendants underreporting to federal and state authorities wages earned by Plaintiff and, therefore, underpaying state and federal taxes, employer matching funds, unemployment premiums, social-security and workers'-compensation premiums, etc.; and Defendants have similarly reaped an unlawful financial gain by exploiting Plaintiff by taking Plaintiff's labor without lawful compensation.

20. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefit, illegal competitive advantage, and illegal profit at the expense of Plaintiff and other current and former employees, competitors, and the general public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff and to those other current and former employees as restitution.

21. Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiff all compensation unlawfully withheld.

22. Plaintiff further requests that a receiver be appointed to control and monitor all of the business affairs of Defendants, and each of them, to ensure compliance with applicable wage-and

hour-laws of the State of California and to ensure that full restitution is made to Plaintiff of Plaintiff's owed and unpaid compensation.

23. Plaintiff further requests that the Court issue a preliminary injunction against Defendants, and each of them, to prevent them from committing further violations of the Labor Code and the unfair business practices alleged herein.

24. Plaintiff acts in the public interest by exposing Defendants' unfair business practices and seeking injunctive relief to remedy those practices. Plaintiff asks for an award of attorneys' fees and costs under Code of Civil Procedure section 1021.5.

## SECOND CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION & HARASSMENT (FEHA)

**(Against defendants AMAZON WEB SERVICES, INC and A100 US, LLC)**

25. The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

26. Throughout Plaintiff's employment, Defendants continually, consistently and unlawfully harassed and discriminated against Plaintiff on the basis of Plaintiff's disability, age, race, national origin, and ancestry and complaining about same as set forth above.

27. Defendant failed to take all reasonable steps necessary to prevent discrimination and harassment of Plaintiff from occurring, as alleged above. Specifically, and among other things, the Defendants failed to: adequately train supervisors as to handling and identifying unlawful harassment or discrimination; failed to properly respond and investigate reported incidents of harassment; and educate employees about what constitutes unlawful harassment or discrimination.

28. As a direct and proximate result of the Defendant's failure to take all reasonable steps necessary to prevent discrimination and harassment, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered physical and emotional injury, consequential and incidental losses, including but not limited to loss of income and benefits.

29. As a further proximate result of Defendant's despicable discriminatory actions, as alleged above, Plaintiff has suffered general and compensatory damages in that Plaintiff has

foreseeably suffered humiliation, mental anguish, severe emotional and physical distress, and has been injured in mind and body in an amount according to proof.

30. Defendant's above-referenced despicable actions were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount necessary to punish defendants and deter such conduct in the future.

31. As a further and proximate result of Defendant's despicable discriminatory actions, as alleged above, Plaintiff is entitled to reasonable costs and attorneys' fees pursuant to the Fair Employment and Housing Act, California Government Code § 12900, et seq.

## THIRD CAUSE OF ACTION

## DISCRIMINATION (FEHA)

**(Against defendants AMAZON WEB SERVICES, INC and A100 US, LLC)**

32. The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

33. Defendant engaged in unlawful employment practices in violation of the FEHA by terminating Plaintiff on the basis of Plaintiff's disability, age, race, national origin, ethnicity, religion and ancestry, as set forth above.

34. Plaintiff is informed and believes and based thereon alleges that Plaintiff's disability, age, religion, race, national origin, and ancestry, was a substantial motivating reason in Defendant's termination of Plaintiff's employment, and other discrimination against him, in violation of Government Code §12940(a).

35. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

36. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

37. In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

38. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## FOURTH CAUSE OF ACTION

## BUSINESS EXPENSE REIMBURSEMENT (L.C. § 2802)

**(Against defendant AMAZON WEB SERVICES, INC AND A100 US, LLC)**

39. Plaintiff incorporates by reference and re-alleges the foregoing paragraphs as though set forth fully herein.

40. Code section 2802(a) provides: "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

41. Since at least four years prior to filing this action, Defendant failed to reimburse Plaintiff for the following expenditures, among others, incurred as a result of discharging Plaintiff's duty: cost of cell phone usage and safety equipment, interest, and mileage.

42. Under Code section 2802(c), Plaintiff is entitled to recover all reasonable costs, including attorney's fees, incurred in enforcing Plaintiff's rights granted by Section 2802. The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

## FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(Against defendant AMAZON WEB SERVICES, INC AND A100 US, LLC)**

43. The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

44. Defendant's termination of plaintiff's employment violates the fundamental public policies of the State of California including, but not limited to, the policy prohibiting an employer

from discriminating against an employee because of such employee's disability, age, race, national origin, and ancestry, as set forth in Government Code § 12920, and as stated above and because Plaintiff complained about discrimination and harassment due to disability, race, national origin, and ancestry, as well as complaining about assault, and an unsafe workplace per Labor Code section 6310 and 6311.

45. As a direct and proximate result of the Defendants actions/inactions, Plaintiff has been harmed in that Plaintiff has suffered physical and emotional injury, consequential and incidental losses, including but not limited to loss of income and benefits.

46. As a further proximate result of the Defendant's actions/inactions, as alleged above, Plaintiff has suffered general and compensatory damages in that Plaintiff has foreseeably suffered humiliation, mental anguish, severe emotional and physical distress, and has been injured in mind and body in an amount according to proof.

47. Defendant's above-referenced despicable actions were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount necessary to punish Defendant and deter such conduct in the future.

## SIXTH CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES

**(Against defendant AMAZON WEB SERVICES, INC AND A100 US, LLC)**

48. Plaintiff hereby re-allege and incorporate b reference the allegations set forth in this pleading as though fully set forth herein.

49. Pursuant to Labor Code §§ 1197-1198, and the Wage Order, Plaintiffs and aggrieved employees were not exempt managerial, administrative, or professional employees.

50. As a result of defendant's conduct set forth herein, Plaintiff and fellow aggrieved employees are entitled to a recovery of damages for all unpaid wages at the proper rates of pay as restitution from Defendants.

51. At all times pertinent hereto, California Labor Code § 1194.2 provides for the recovery of prejudgment interest in any action brought to recover the nonpayment of wages, at the rate specified in Civil Code § 3289.

52. At all times pertinent hereto, Labor Code §1194, provided for the recovery of attorney's fees in any action brought to recover the nonpayment of minimum wages.

53. Plaintiff is informed, believes, and thereon alleges that defendants, and each of them, ordered, authorized, approved, or ratified the conduct herein alleged with intent to deprive Plaintiff and fellow members of the Class/aggrieved employees of their wages and other benefits to which they were entitled under California law, so as to increase Defendant's revenue, notwithstanding statutory obligations, including those which carry criminal penalties for noncompliance.

54. Plaintiff is informed, believes, and thereon alleges that Defendants, by and through their respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to deprive the Plaintiff and aggrieved employees of monies to which they were and are entitled under California law, so as to increase Defendants' revenue, notwithstanding clear statutory obligations, including those which carry criminal penalties for noncompliance.

## SEVENTH CAUSE OF ACTION

### HARASSMENT (Govt. Code § 12940(j))

**(Against All Defendants)**

55. The allegations set forth in paragraphs above are re-alleged and incorporated herein by reference.

56. Throughout Plaintiff's employment, Defendants continually, consistently and unlawfully harassed Plaintiff on the basis of Plaintiff's disability, age, race, national origin, and ancestry as set forth above.

57. Defendants' harassment of Plaintiff, as alleged above, constituted unlawful harassment in employment on account of disability, age, race, national origin, religion, and ancestry, in violation of the California Constitution, Government Codes and Labor Codes referenced above.

58. As a direct and proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered physical and emotional injury, consequential and incidental losses, including but not limited to loss of income and benefits.

59. As a further proximate result of Defendants' despicable discriminatory actions, as alleged above, Plaintiff has suffered general and compensatory damages in that Plaintiff has foreseeably suffered humiliation, mental anguish, severe emotional and physical distress, and has been injured in mind and body in an amount according to proof.

60. Defendants' above-referenced despicable actions were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount necessary to punish defendants and deter such conduct in the future.

61. As a further and proximate result of Defendants' despicable discriminatory actions, as alleged above, Plaintiff is entitled to reasonable costs and attorneys' fees pursuant to the Fair Employment and Housing Act, California Government Code § 12900, et seq.

## EIGHT CAUSE OF ACTION

### (Retaliation (California Govt. Code §12940(k)))

### (Against defendant AMAZON WEB SERVICES, INC AND A100 US, LLC)

62. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

63. Defendant's discrimination and retaliation against plaintiff because of Plaintiff's protected activity was in violation of Government Code § 12940(h), and Title 2 California Administrative Code §§ 7286.6, 7287.7, and 7287.8, and in violation of the common law in abrogation of plaintiff's rights.

64. Plaintiff was injured and damaged as alleged above as a direct and legal result of Defendants' conduct.

65. The above-alleged actions of defendants were done with malice, fraud or oppression, and in reckless disregard of plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California, all resulting in mental and financial harm to plaintiff. Specifically defendants harassed, failed to prevent harassment, and retaliated against plaintiff because of Plaintiff's disability, age, religion and ethnicity, thereby entitling plaintiff to exemplary or punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief against Defendants:

1. For general and special compensatory damages in an amount not less than $1,000,000.

2. For liquidated damages, interest thereon, attorney's fees, and costs of suit under Labor Code section 1194

3. For unpaid wages, overtime wages, meal and rest period premium pay according to proof at trial

4. For waiting-time penalties according to proof at trial

5. For punitive damages in an amount sufficient to punish and make an example of Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6. For restitution in an amount subject to proof at trial

7. For disgorgement of profits gained as a result of Defendants' unlawful failure to pay wages and other compensation earned and other unlawful and unfair business practices;

8. For costs of suit and attorney's fees under Code of Civil Procedure section 1021.5; Labor Code 1194, 2802; Govt. Code section 12965 and other laws that provide attorney fees for claims alleged.

9. For pre- and post-judgment interest;

10. General, special and punitive damages;

11. For declaratory relief;

12. For such further relief as the Court may deem appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: 10/17/19                    ALIZADEH EMPLOYEES LAW, PROF. CORP.

1

*Arash Alizadeh*

2

3  _____

4  ARASH N. ALIZADEH, attorney for plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALIZADEH
EMPLOYEES LAW,
PROF. CORP.
Irvine, California

13

COMPLAINT