UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIFULLAH KHAN,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES, INC., et al.,<br><br>Defendants. | Case No. 19-cv-08027-JSC<br><br>**ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 39 |

Plaintiff Saifullah Khan filed this discrimination action against A100 US, LLC ("A100") and Amazon Web Services, Inc. ("AWS") alleging age and national origin discrimination and bringing claims under California's Fair Employment and Housing Act ("FEHA"), Business & Professions Code § 17200 *et seq.*, and the California Labor Code, as well as a claim for wrongful termination in violation of public policy. (Dkt. No. 1-1.)[1] Plaintiff's motion for leave to amend seeking to name an additional defendant, delete certain claims, and plead additional facts is now pending before the Court. (Dkt. No. 39.) After carefully considering the parties' briefs, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the December 3, 2020 hearing, and GRANTS Plaintiff's motion for leave to amend.

**DISCUSSION**

Federal Rule of Civil Procedure 15(a)(2) states that a party may amend a pleading before trial "with the opposing party's written consent or the court's leave" and that the "court should freely give leave when justice so requires." Though Rule 15(a) is "very liberal . . . a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen*

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers placed at the top of the documents.

*Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).  Undue delay cannot alone justify the denial of a motion to amend.  *Owens v. Kaiser Foundation Health Plan, Inc*., 244 F.3d 708, 712–13 (9th Cir. 2001).  The most important factor is prejudice to the opposing party.  *See Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330–31 (1971).  A "determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group*, Inc., 170 F.3d 877, 880 (9th Cir. 1999).

      Here, Mr. Khan seeks leave to amend the complaint to (1) add Amazon.com, Inc. ("Amazon"), one of Mr. Khan's alleged employers and the parent company of A100 and AWS, as a defendant; (2) delete Labor Code claims for failure to provide business expense reimbursements and pay withheld wages; (3) and allege additional facts, chiefly that Defendants terminated Mr. Khan on the basis of false allegations regarding his English language proficiency and false claims regarding his work performance.  The proposed First Amended Complaint ("FAC") also alleges that Defendants have destroyed many contemporaneous documents underlying Mr. Khan's termination. (Dkt. No. 39-1 at 10 ¶ 12.)  Mr. Khan contends that amendment is proper so that he can adequately pursue his claims and recover against Amazon, one of his alleged employers, and because he has only recently learned of Defendants' alleged document spoliation.  Defendants oppose amending the complaint to add Amazon as a defendant because there is no "legal or factual basis for this addition[,]" and because Mr. Khan has improperly delayed in filing his motion to amend.

      Amendment is proper.  First, there is no evidence of prejudice to Defendants.  *See Owens*, 244 F.3d at 712 (finding appellants suffered no prejudice when appellee amended its answer because there was no delay in proceedings).  Fact discovery does not close for over three months.  While Defendants argue that adding Amazon as a defendant would require revisiting discovery that has already been completed, such as exploring Mr. Khan's employment contacts with Amazon, permitting Mr. Khan to amend the complaint "would not require a wholesale reopening of discovery after discovery has been closed."  *Dunbar v. Google, Inc*., No. 5:12-CV-003305-LHK, 2012 WL 6202797, at *16 (N.D. Cal. Dec. 12, 2012) (internal quotation marks and citation omitted) (alteration removed).  Furthermore, there is no suggestion that adding Amazon would

1   delay the current schedule.

2           Second, there is no evidence of bad faith. *See Owens*, 244 F.3d at 712 (finding no

3   evidence of bad faith because appellee offered "substantial competent evidence" as to why it

4   delayed in filing a motion to amend). Mr. Khan's amendments are designed to promote a just

5   resolution of the case on its merits, and Defendants do not contend that the motion was filed in bad

6   faith.

7           Third, any delays in filing Mr. Khan's motion are not undue. Mr. Khan observes that a

8   delay in filing his motion is attributable, in part, to his change in counsel in late April, and because

9   he only recently learned of Amazon's role in the alleged document spoliation. (Dkt. No. 39-1 at 4

10  ¶ 6.) *See Owens*, 244 F.3d at 712–13 (finding no unreasonable delay because appellee moved to

11  amend as soon as it became aware of an applicable defense). Additionally, Mr. Khan

12  corresponded with Defendants' counsel regarding his plan to file an amended complaint soon after

13  the parties' mediation that occurred from September 9-10, 2020, and provided Defendants with a

14  draft of the proposed FAC on October 19, 2020 after receiving a supplemental production of

15  documents from Defendants. (Dkt. No. 39-1 at 4 ¶¶ 3-4.) On October 20, 2020, Defendants

16  agreed to stipulate to the filing of an FAC so long as the parties also stipulated that the answer

17  previously filed by A100 and AWS would remain the operative response to the FAC and that

18  Amazon was not Mr. Khan's employer. (*Id.* ¶ 5.) When Mr. Khan declined to stipulate to these

19  terms, Defendants withdrew their proposed offer to stipulate to the filing of an FAC and argued in

20  an e-mail to Mr. Khan's counsel dated October 22, 2020 that the filing delay was undue. (*Id.*)

21  When parties communicate regarding a stipulation to an amended complaint, even if ultimately

22  unsuccessful, this supports a finding that the plaintiff has not unduly delayed in filing his motion.

23  *See Lee v. TRW, Inc.*, No. CV 02005172 FMC (RZx), 2003 WL 27382059, at *2 (C.D. Cal. Apr.

24  15, 2003). Moreover, even if the Court assigned great weight to Mr. Khan's access to documents

25  in February 2020 illustrating the corporate relationship between Amazon, A100, and AWS (Dkt.

26  No. 43-1 at 2 ¶ 7), "undue delay by itself . . . is insufficient to justify denying a motion to amend."

27  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

28          Finally, "a proposed amendment is futile only if no set of facts can be proved under the

amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Sweaney v. Ada County*, 119 F.3d 1385, 1393 (9th Cir. 1997) (internal quotations omitted). "The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011), *on reh'g en banc*, 681 F.3d 1041 (9th Cir. 2012) (internal quotations and citations omitted). The Court therefore "must accept as true all factual allegations in the [proposed] complaint," as it would on a Rule 12(b)(6) motion. *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).

Here, there is nothing that establishes that amendment of Mr. Khan's complaint would be futile. Defendants' contention that adding Amazon as a defendant would be futile is misplaced. The Court cannot consider Defendants' factual arguments regarding Amazon in the case's current procedural posture; rather, the Court must accept the factual allegations in the proposed amended complaint as true and construe them in the light most favorable to Mr. Khan, pertinently that Amazon was a joint employer of Mr. Khan and acted collectively as his employer. (Dkt. No. 39-1 at 8-10 ¶¶ 1-12.) Defendants' insistence that Mr. Khan's FEHA claims require showing an employment relationship with Amazon is likewise unavailing as it ignores that FEHA reaches joint employers. *See, e.g.*, *Vernon v. State of California*, 116 Cal. App. 4th 114, 125 (2004); *Scates v. FedEx Ground Package Sys., Inc.*, No. 2:20-cv-06365-VAP-MAAx, 2020 WL 5759121, at *5 (C.D. Cal. Sept. 25, 2020). The Court thus cannot say that Mr. Khan's proposed amendments would be futile as a matter of law.

Accordingly, the balance of factors supports granting Mr. Khan leave to amend under Rule 15(a)(2).

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to amend is GRANTED. Plaintiffs shall file the proposed amended complaint within 3 court days. The case management conference scheduled for December 3, 2020 is continued to December 10, 2020 at 1:30 p.m. A joint case management conference statement is due one week in advance.

1   This Order disposes of Dkt. No. 39.

2   **IT IS SO ORDERED.**

3   Dated: November 24, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge